PAULINE E. BULDUC, Complt. *vs.* VERNER F. ROBINSON.

Hancock County. Decided July 16, 1923. The testimony of the parties to this proceeding was squarely contradictory; the one affirms, and the other denies the act of sexual intercourse alleged. The jury saw and heard the witnesses and found for the respondent.

The record discloses no ground which will justify this court in setting the verdict aside. Motion overruled. *Wiley C. Conary*, for complainant. *Gray & Sawyer*, for respondent.

---

FRED A. CRABTREE'S CASE.

Hancock County. Decided August 20, 1923. Appeal from the decision of the Chairman of the Industrial Accident Commission. *Held:*

1. That a petition for further compensation for partial incapacity for work, after the expiration of the specific period for which a claimant has been awarded and paid compensation for presumed total incapacity, is expressly authorized by the Workmen's Compensation Act, Public Laws, 1919, Chap. 238, Sec. 16; *Morin's Case*, 122 Maine, 338; *Walker's Case*, 122 Maine, 387.

2. The record discloses admissible facts supporting the Commissioner's finding as to the amount of compensation to be awarded. *Scott's Case*, 121 Maine, 446. Appeal dismissed. Decree of sitting Justice affirmed with costs. *William B. Blaidsell*, for plaintiff. *Gillin & Gillin*, for defendant.

---

LIONEL G. TRAFTON *vs.* U. S. BOBBIN & SHUTTLE CO.

Somerset County. Decided September 24, 1923. This case is before us upon a general motion for a new trial filed by defendant, but without a general verdict. If the motion is overruled, we have

no basis, other than the amount claimed in the writ, upon which to enter judgment. The parties have agreed, however, that if the motion fails, an auditor shall be appointed, whose report shall be accepted as final, and that judgment shall be entered thereon. Upon that agreement we proceed to consider the case.

The parties are at issue as to the price per thousand feet of logs to be paid by the defendant to the plaintiff under an oral contract made in the spring of 1918 and performed the next winter. Their respective contentions are thus stated in the brief filed for defendant:

"The plaintiff claimed that the defendant promised to pay $19.50 per thousand feet, and in event that amount did not cover the cost to the plaintiff such further sum as would make him whole. In other words, if the plaintiff were able to perform the contract at a cost less than $19.50 per thousand feet, the difference would be his profit on the transaction. If it cost more, his profit would be eliminated, but he would be entitled to receive the additional amount required to equal the cost.

"The defendant, on the other hand, contended that a flat price of $20 per thousand feet was agreed upon."

This issue was submitted to the jury who sustained the plaintiff's contention upon a special verdict, and the motion for a new trial followed.

The record does not disclose any ground which will justify us in sustaining the motion. The evidence was flatly contradictory; three witnesses testified, the plaintiff and one other in support of his contention, and the defendant's manager, with whom the contract was made.

Under the business conditions existing in 1918 which are disclosed at length in the record, it cannot be said that the terms of the contract as claimed by plaintiff are unreasonable or improbable; the jury may have found that under such conditions it is highly improbable that the plaintiff would have made a contract for a flat sum as claimed by defendant, and we cannot say that such a view would be unwarranted, considering the further fact that defendant might call for hauling some of the logs on wheels.

Again, the jury may have found that the defendant paid the plaintiff, on account of the logs delivered under the contract, at the rate of $19.50 per thousand, and have regarded this fact as sustaining plaintiff.

On the other hand the defendant relied upon certain letters between plaintiff and Mr. Skinner, defendant's manager, in particular a letter written by the latter to plaintiff dated February 25, 1919, containing a reference to the terms of the contract in harmony with defendant's contention. But this letter is not original evidence of the terms of the contract; its force lies in the fact that no answer was returned by plaintiff; but the plaintiff made his explanation of that fact, and the sufficiency of that explanation was for the jury's consideration.

Upon such a record as is presented here, we cannot say that the jury erred; on the contrary we think that the evidence justified their verdict. Motion overruled. By agreement of parties the cause is remanded to nisi prius, for the appointment of an auditor, who will determine the amount due from defendant to plaintiff according to the finding of the jury. By agreement the auditor's report shall be accepted as final and judgment entered thereon. *Gower & Shumway*, for plaintiff. *Harry Manser*, for defendant.

---

## JANE M. BERRY *vs.* HOWARD McDOUGALL.

Cumberland County. Decided October 1, 1923. This is an action brought to recover compensation for personal injuries, expenses of medical treatment, hospital charges, nursing and other incidental outlay, which resulted from an automobile collision in which the plaintiff was the sufferer. The case comes to us on report. The car in which she was riding was neither owned nor driven by the plaintiff but for convenience will be referred to as the plaintiff's car.

The locus of the collision was at the intersection of a country road with a stretch of state highway still under construction. On the latter, although somewhat rough as to surface, there was a large amount of traffic. The plaintiff's car was travelling the country road. Its occupants on the rear seat were the plaintiff, and her daughter, Mrs. Robertson; on the front seat the husband of the latter and Bion Berry, grandson of the plaintiff, who was driving.